J. JONES, Justice,
specially concurring.
I concur in the Court’s opinion with one slight variation. The Court is correct in holding that direct evidence is not required in order to establish an R.S. 2477 right of way. As the Court notes, there must be sufficient circumstantial evidence to support any inferences. In my view, there was sufficient circumstantial evidence in the record to support an inference that such a right of way had been established along Race Creek. In 1902, when the first Oliver survey was conducted, Oliver noted the road along Race Creek and the existence of a number of homes, fences and irrigation ditches. There was no evidence as to how long those improvements had been in existence prior to 1902. However, there was sufficient evidence in the record to draw the inference that the cabins and improvements did not spring up overnight and that they may well have existed three years prior to the 1902 survey. But, the county did not apply the correct legal standard. The County mistakenly concluded that I.C. § 40-204A(l), which states that the “act of construction and first use constitute the acceptance of the grant given to the public for federal land rights-of-way,” was the applicable standard. It did not know that Section 851 of the Revised Statutes of 1887 applied, requiring a showing of usage for a period of five years. Had we been dealing here solely with the Race Creek Road, I would remand to the County for determination of the issue based on the correct legal standard. However, because there is simply not sufficient evidence upon which *162 an inference can be drawn, based on the correct legal standard, that a road existed along the Kessler Creek stretch, which is necessary for Dagerstrom’s case, any remand would be fruitless. To find a public right of way along Kessler Creek would require speculation, rather than reasonable inferences. Thus, I believe the Court has reached the correct result.